(No. 6802—

HONEYWELL, INC., Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 18, 1977.*

CARDOSE & CARDOSE, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

POLOS, C.J.

Claimant, Honeywell, Inc., seeks to recover the sum of $472.63 from Respondent for services and materials furnished at the Illinois School for the Deaf in Jacksonville, Illinois.

Claimant had contracted with the State of Illinois for installation of a fire alarm system at the school. It appears that the job was completed in January, 1970, and was subject to a one year warranty.

Either just before or just after the expiration of the warranty period, Claimant replaced a defective part in the system and has now brought suit to recover the cost of the installation. Respondent contends that the work performed was covered by the warranty, and was therefore not subject to charge. Claimant contends that the work was performed after the expiration of the warranty period, and that it should be paid for the work.

There is no dispute as to the necessity for the work, or the reasonableness of Claimant's charge therefore. The sole issue in dispute is whether the work performed was covered by the warranty.

Dale Zittling, Commercial Service Manager for Honeywell in the Jacksonville, Illinois area, was the only witness to testify for Claimant. Zittling said that he "believed" that the job at the School was completed in January, 1970, but he was unable to state the date of completion, and the date on which the warranty expired. On direct examination he testified that the services were performed on February 18, 1971, which was subsequent to one year after the installation of the system. On cross-examination, however, Zittling said that he was unable to state the date on which the materials were furnished and services performed, or the date on which Respondent requested the repair

work. He further testified that it was Claimant's practice to honor, under a warranty, request for service made prior to the expiration, even if the work was performed after the warranty expired.

The Court also notes that Claimant's invoice for the work performed bears the date of February 18, 1971. Zittling testified that this was the date of the invoice, not the date that the work was performed, and that Claimant's billings were usually issued one month after the date the work was performed. The parties agree that if the work was performed one month prior to the invoice date, it was covered by the warranty.

From the foregoing, the Court must conclude that Claimant has failed to sustain its burden of proving, by a preponderance of the evidence, that Respondent is indebted to Claimant as alleged in the Complaint. The Claimant failed to prove either the date of the expiration of the warranty or the date upon which the work was performed.

Claimant's invoice bears the date of February 18, 1971, and Claimant's witness testified that invoices were generally issued one month after work was performed.

Claimant has failed to carry its burden of proving that the work was done within the warranty period. This claim is accordingly denied.